UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE GONZALEZ,<br><br>         Plaintiff,<br><br>    v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>         Defendants. | Case No. 17-CV-05885-LHK<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO STAY**<br><br>Re: Dkt. Nos. 20, 21 |

Before the Court is the administrative motion of Defendant Ford Motor Company to stay all proceedings and deadlines in this action pending determination by the Judicial Panel on Multidistrict Litigation (JPML) of Defendant's motion for transfer and consolidation of this and other actions for pretrial proceedings. *See In re: Ford DPS6 PowerShift Transmission Litigation.*

For the following reasons, the Court is persuaded by Defendant's motion to stay and therefore stays the instant suit and the 26 related cases until the Court orders otherwise.

**I.  BACKGROUND**

Defendant installed a DPS6 PowerShift transmission in 2011–2016 Ford Fiesta and 2012–2016 Ford Focus vehicles. ECF No. 20-3 at 1. Plaintiff bought a 2013 Ford Focus in January 2013. ECF No. 1-3 at 4.

1

Case No. 17-CV-05885-LHK
ORDER GRANTING ADMINISTRATIVE MOTION TO STAY

1  On September 5, 2017, Plaintiff Jose Gonzalez filed this case in the Superior Court for the
2  County Santa Clara. ECF No. 1-3 at 2. The gravamen of Plaintiff's complaint is that Defendant
3  fraudulently misrepresented and concealed alleged defects in the PowerShift transmission. ECF
4  No. 20-3 at 1. Plaintiff therefore seeks damages and any other applicable relief. ECF No. 1-3 at
5  12–13.

6  On October 13, 2017, Defendant removed this case to federal court. ECF No. 1. On
7  October 30, 2017, Defendant filed with the JPML a motion for transfer and consolidation of 111
8  cases, including this one, that raised identical complaints about the PowerShift transmission.

9  On November 3, 2017, Defendant Ford Motor Company filed the instant motion to stay.
10 ECF No. 20. Plaintiff Jose Gonzalez filed his opposition on November 7, 2017. ECF No. 21.

11 On November 13, 2017, the Court related the instant suit to *Hyde et al v. Ford Motor*
12 *Company*, 17-cv-05613-LHK. *Hyde* was the first PowerShift case removed to this district, and is
13 among the 111 cases for which Ford requests transfer and consolidation from the JPML.

## II. LEGAL STANDARD

15 "[T]he power to stay proceedings is incidental to the power inherent in every court to
16 control disposition of the cases on its docket with economy of time and effort for itself, for
17 counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A court "should not
18 automatically stay discovery, postpone rulings on pending motions, or generally suspend further
19 rulings" when a party moves to transfer a case to an MDL panel. *Rivers v. Walt Disney Co.*, 980 F.
20 Supp. 1358, 1360 (C.D. Cal. 1997). However, courts "frequently grant stays pending a decision by
21 the MDL panel regarding whether to transfer a case." *Good v. Prudential Ins. Co. of Am.*, 5 F.
22 Supp. 2d 804, 809 (N.D. Cal. 1998). A stay is appropriate "when it serves the interest of judicial
23 economy and efficiency." *Id.*

24 When considering a motion to stay pending a MDL transfer, courts assess "(1) potential
25 prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is
26 not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if
27 the cases are in fact consolidated." *Rivers*, 980 F. Supp. at 1360.

28

2
Case No. 17-CV-05885-LHK
ORDER GRANTING ADMINISTRATIVE MOTION TO STAY

When faced with both a motion to remand and a motion to stay pending a MDL transfer, some district courts in the Ninth Circuit apply the three-part test from *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044 (E.D. Wis. 2001). Under the *Meyers* test, courts should (1) "give preliminary scrutiny to the motion to remand"; (2) assess whether "the jurisdictional issue appears factually or legally difficult"; and (3) consider whether the "jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred." *Id.* at 1049.[1]

### III. DISCUSSION

The Court finds that both the *Rivers* factors and *Meyers* factors favor a stay. *Rivers*, 980 F. Supp. at 1360; *Meyers*, 143 F. Supp. 2d at 1049.

#### A. *Rivers* Factors

First, a stay would cause little prejudice to Plaintiffs. Plaintiffs' main argument is that there is no basis for federal jurisdiction in this case. That argument will be as viable after the JPML has ruled on Defendant's motion for transfer and consolidation as it is now. Indeed, a stay might help Plaintiffs avoid unnecessary effort and expense. *Ernyes-Kofler v. Sanofi S.A.*, 2017 WL 813506, at *2 (N.D. Cal. Mar. 2, 2017).

Second, there would be hardship to Defendant if these actions are not stayed. Defendant currently faces well over 100 suits in federal court, only 27 of which are before this Court. Consequently, a failure to stay this case would force Defendant to conduct duplicative discovery and motion practice. *Id.* A failure to stay would also raise the prospect of inconsistent rulings between the cases before this Court and the other suits Defendant has referred to the JPML. *Id.* Plaintiff appears to advance the equitable argument that this is warranted because Defendant removed these cases to evade potentially damaging rulings by California's courts. Yet the Court is not inclined to penalize Defendant for exercising its legal rights, and Plaintiff's argument does not change the underlying reality that litigating these cases imposes a hardship on Defendant.

---

[1] Plaintiff has not moved for remand in the instant case. However, motions for remand have been filed in other related cases, including the lead case *Hyde et al v. Ford Motor Company*, 17-cv-05613-LHK. The Court therefore analyzes the *Meyers* factors.

Third, staying these cases would conserve judicial resources. The Court is currently faced with at least 27 suits that all center on the same underlying auto defect issues. If this case proceeds and the JPML later finalizes its decision to transfer it, this Court will have "needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Rivers*, 980 F. Supp. at 1360–61. Furthermore, "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation … ." *Id.*

**B.**     ***Meyers* Test**

Although the *Meyers* test "is not binding in the Ninth Circuit, [it] also favors a stay." *Ernyes-Kofler*, 2017 WL 813506, at *2.

The first step is "a preliminary assessment of the jurisdictional issue." *Meyers*, 143 F. Supp. 2d at 1049. Based on this scrutiny, the Court finds that removal was likely proper based on diversity jurisdiction.

The second step is determining whether the jurisdictional issue appears factually or legally difficult. *See Ernyes-Kofler*, 2017 WL 813506, at *1. The Court finds that the issues are legally complex because they raise difficult questions about joinder, equity, and comity. *See Meyers*, 143 F. Supp. 2d at 1049. They are also factually complex because Plaintiffs dispute whether the amount in controversy is satisfied.

The third step is therefore "to determine whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL." *Id.* Here that is the case because the same remand arguments are being advanced across the cases Defendant has referred to the JPML.

**IV.     CONCLUSION**

All proceedings and deadlines in this action and the related actions are hereby stayed until this Court orders otherwise after a determination by the JPML of Ford's motion for transfer and consolidation for pretrial proceedings. The parties shall inform the Court within 2 days of the JPML's determination. The Clerk shall administratively close the file. This is a purely internal

administrative procedure that does not affect the rights of the parties

**IT IS SO ORDERED.**

Dated: November 16, 2017

_____
LUCY H. KOH
United States District Judge